UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.

ELISABETH HEROLD,

    Plaintiff,

v.

AD LEAF MARKETING FIRM LLC, a
Florida limited liability company, and
CHRISTOPHER DELARUE, an individual,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES AND JURY TRIAL DEMANDED

Plaintiff, ELISABETH HEROLD, ("HEROLD"), by and through her undersigned attorney, file this, her Complaint for Damages against Defendants, AD LEAF MARKETING FIRM LLC, (hereinafter "AD LEAF"), and CHRISTOPHER DELARUE, (hereinafter "DELARUE"), and states as follows:

## INTRODUCTION

1. This is an action to recover unpaid minimum wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA"), as well as minimum wages under the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution.

## JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, the corporate Defendant, AD LEAF

was an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, AD LEAF regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. Defendants, AD LEAF and DELARUE operated an advertising and marketing firm. Plaintiff's work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce. Specifically, the Plaintiff handled office supplies, computers, and equipment which were originally manufactured outside the State of Florida.

4. The Plaintiff was also individually covered by the FLSA as in each week of her employment, HEROLD regularly and recurrently used telephones and email to contact Defendants' customers/vendors outside the State of Florida.

5. Besides the Plaintiff, Defendants, AD LEAF and DELARUE had at least 5 other employees handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce. Specifically, those other employees handled office supplies, computers, and equipment which were originally manufactured outside the State of Florida.

6. Upon information and belief, during the relevant time period, the Defendants had an annual gross volume of sales made or business done of not less than $500,000.00.

7. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Middle District of Florida.

8. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Middle District of Florida.

## VENUE

9. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Middle District of Florida and,

   b. Defendants were and continue to be a corporation and an individual doing business within this judicial district.

## PARTIES

10. At all times material hereto, Plaintiff, HEROLD, was a resident of Melbourne, Brevard County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

11. At all times material hereto, corporate Defendant, AD LEAF, was conducting business in Melbourne, Brevard County, Florida, with its principal place of business in that city.

12. At all times material hereto, Defendants were the employers of Plaintiff, HEROLD.

13. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA, and the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution.

14. At all times material hereto, Defendants knowingly and willfully failed to pay Plaintiff HEROLD, her lawfully earned wages in conformance with the FLSA.

15. Defendants committed a willful, malicious and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

16. At all times material hereto, corporate Defendant, AD LEAF was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

17. At all times material hereto, the work performed by Plaintiff, HEROLD was directly essential to the business performed by Defendants.

18. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

19. Plaintiff, HEROLD, was employed as an intern and marketing worker at the Defendants' markeing company from on or about December 17, 2019 to about September 3, 2020.

20. Defendants paid Plaintiff, HEROLD below the minimum wage for her work hours.

21. The Defendants classified Plaintiff as a volunteer intern and paid her no wages in many work weeks.

22. Defendants knowingly, maliciously and willfully operated their business with a policy of not paying wages in conformance with the applicable law, to the Plaintiff.

23. Defendant, DELARUE was a supervisor and or manager/owner who was involved in the day-to-day operations of AD LEAF and/or was directly responsible for the supervision of Plaintiff.  Therefore, he is personally liable for the FLSA violations.

24. Defendant, DELARUE was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff.

25. Plaintiff has retained Bober & Bober, P.A. to represent her in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

## COUNT I

## VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

26. Plaintiff realleges Paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27. Plaintiff's employment with Defendants was to consist of a normal workweek for which she was to be compensated at or above the FLSA minimum wage.

28. 29 U.S.C. § 206 and requires that any employee covered by the FLSA be paid their minimum wages.

29. Plaintiff was paid below the minimum wage for her work hours.

30. The Defendants acted willfully.

31. As a direct and proximate result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff respectfully requests:

a. judgment in her favor for all unpaid minimum wages due or payable;

b. liquidated damages;

c. attorneys' fees and costs pursuant to the FLSA;

d. post-judgment interest;

e. recoupment of tips belonging to Plaintiff which were unlawfully taken or misappropriated by the Defendants; and

f. all other and further relief this Court deems to be just and proper.

## COUNT II

## <u>VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION</u>

32. Plaintiff realleges Paragraphs 1 through 25 as if fully stated herein.

33. Pursuant to Article X, Section 24 of the Florida Constitution, Defendants were required to pay Plaintiff at least the applicable Florida minimum wage.

34. During Plaintiff's employment, Defendants paid her less than the statutory minimum wage for all of her work hours. The Defendants acted willfully.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against the Defendants:

- a. Declaring that Defendants violated Article X of the Florida Constitution, insofar as failing to pay Plaintiff at or above the minimum wage;
- b. Awarding Plaintiff all back wages due and owing;
- c. Awarding Plaintiff liquidated damages in the amount equal to her back wages;
- d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to Article X, Sec. 24, Fla. Const.;
- e. Awarding Plaintiff prejudgment and post-judgment interest;
- i. All other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

DATED: November ___, 2020.

Respectfully submitted,

BOBER & BOBER, P.A.
Attorneys for Plaintiff
2699 Stirling Road, Suite-A304
Hollywood, FL 33312
Phone: (954) 922-2298
Fax: (954) 922-5455
peter@boberlaw.com

By:  s/. Peter Bober
      PETER BOBER
      FBN:  0122955
      SAMARA ROBBINS BOBER
      FBN: 0156248